UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID HAGEN

          Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Case Number 10-11593-BC
　　　　　　　　　　　　　　　　　　　　　　　　Honorable Thomas L. Ludington
ALCHEM ALUMINUM, INC., GARY
MERRITT,

          Defendants.
_____/

**ORDER DIRECTING FURTHER RESPONSES TO ORDER TO SHOW CAUSE AND
CONTINUING STAY OF CASE MANAGEMENT AND SCHEDULING ORDER**

      Plaintiff David Hagen filed a complaint on or about February 11, 2009, in Saginaw County Circuit Court, alleging state law breach of contract and tortious interference claims against Defendants Alchem Aluminum, Inc., and Gary Merritt. On February 12, 2009, Defendant Alchem Aluminum filed for Chapter 11 bankruptcy protection in Delaware. Plaintiff's litigation in the Saginaw County Circuit Court was subject to the automatic stay, 11 U.S.C. § 362, until March 30, 2010, when the bankruptcy court approved a stipulation granting Plaintiff relief from the automatic stay.

      On April 20, 2010, Defendants removed the action to this Court from Saginaw County Circuit Court on the basis of bankruptcy jurisdiction under 28 U.S.C. § 1334. *See* [Dkt. # 1]. Section 1334(b) grants federal district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11" of the U.S. Bankruptcy Code. In addition, 28 U.S.C. § 1452(a) allows for the removal of such an action to federal district court when it is originally filed in state court. Defendants' notice of removal did not

provide any legal authority for the proposition that this action is "arising under title 11, or arising in or related to cases under title 11" simply because it was subject to the automatic bankruptcy stay. While Plaintiff did not file a motion to remand, in light of the Court's " independent obligation to investigate and police the boundaries of [its] own jurisdiction," *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998), the Court ordered Defendants to show cause why the case should not be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Upon review of Defendants' response, the Court is generally satisfied that bankruptcy jurisdiction exists because this case is "related to" the bankruptcy case in that the outcome of this action could "conceivably" have an effect on the bankruptcy estate. This raises yet another question, however, because Plaintiff's complaint alleges state law claims but no federal claims. Therefore, remand may be appropriate to allow the state court to address those claims pursuant to 28 U.S.C. § 1334(c)(1) (permitting a district court to abstain from hearing a proceeding related to a case under title 11 "in the interest of justice, or in the interest of comity with State courts or respect for State law"). The parties will be directed to brief this issue.

Accordingly, it is **ORDERED** that the parties are **DIRECTED** to file briefs addressing the issue of permissive abstention, as outlined above. Defendant shall file a brief on or before **September 14, 2010**. Plaintiff shall file a response brief on or before **October 1, 2010**.

It is further **ORDERED** that the **STAY** of the case management and scheduling order is **CONTINUED** until further order of the Court.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: August 30, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 30, 2010.

                                              s/Tracy A. Jacobs
                                              TRACY A. JACOBS